LINDA ROSE FESSLER, ESQ. SBN 049417
LAW OFFICE OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692
(213) 617-8684; Fax (866) 492-1546
Email: LindaFessler@LindaFessler.com

Attorney for Plaintiffs
RICHARD B. RUSSELL AND JACETA S. RUSSELL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. RUSSELL AND JACETA S. RUSSELL,<br><br>    Plaintiffs,<br><br>    v.<br><br>AURORA BANK FSB, a Federal Savings Bank;<br><br>AURORA LOAN SERVICES LLC, a Delaware limited liability company;<br><br>LEHMAN BROTHERS HOLDINGS, INC., a Delaware corporation;<br><br>LEXINGTON CAPITAL CORPORATION dba LEXINGTON MORTGAGE SERVICES, a New York corporation;<br><br>MORTGAGE LENDERS NETWORK USA, INC., a Delaware corporation;<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company;<br><br>and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. SACV 13-00852 JVS (AN)<br><br>**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES:**<br>**1.   VIOLATION OF TRUTH IN LENDING ACT, [15 U.S.C. §1601]**<br>**2.   VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), [12 U.S.C. §2601]**<br>**3.   VIOLATION OF FAIR HOUSING ACT, [42 U.S.C. §3605 ]**<br>**4.   VIOLATION EQUAL CREDIT OPPORTUNITY ACT, [15 U.S.C. §1691]**<br>**5.   VIOLATION OF UNRUH ACT, [CAL. CIVIL CODE, §51]**<br>**6.   WRONGFUL FORECLOSURE [CAL. CIVIL CODE §§2924 and 2923.5];**<br>**7.   VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 et seq.**<br>**8.   BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**9.   QUIET TITLE [CODE CIV. PROC. §§760.010-764.080]** |

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................i
TABLE OF AUTHORITIES..........................................................................ii
A.    PRELIMINARY STATEMENT.........................................................1
B.    JURISDICTION AND VENUE.........................................................2
C.    COMMON FACTUAL ALLEGATIONS .........................................5
D.    CAUSES OF ACTION ...................................................................12
    1.    COUNT I (ORIGINALLY COUNT II) VIOLATION OF
TRUTH IN LENDING ACT (15 USC §1601) (AS TO
AURORA, LEHMAN, LEXINGTON,  MLN, AND DOES)...........................12
    2.    COUNT II (ORIGINALLY COUNT III) VIOLATION OF
REAL ESTATE SETTLEMENT PROCEDURES ACT (12
USC §2601) (AS TO AURORA, LEHMAN, LEXINGTON,
MLN, AND DOES) ....................................................................................13
    3.    COUNT III (ORIGINALLY COUNT IV) VIOLATION OF
FAIR HOUSING ACT  (42 U.S.C., §3605) (AS TO ALL
DEFENDANTS) .......................................................................................14
    4.    COUNT IV (ORIGINALLY COUNT V) VIOLATION OF
EQUAL CREDIT OPPORTUNITY ACT (15 U.S.C., §1691)
(AS TO ALL DEFENDANTS) .................................................................16
    5.    COUNT V (ORIGINALLY COUNT VIII) VIOLATION OF
UNRUH ACT (CALIFORNIA CIVIL CODE §51) (AS TO ALL
DEFENDANTS) .......................................................................................18
    6.    COUNT VI (ORIGINALLY COUNT VIII) WRONGFUL
FORECLOSURE (CAL. CIVIL CODE §§2924 and 2923.5)
(AS TO AURORA SERVICES, NATIONSTAR, AND DOES) ....................20
    7.    COUNT VII (ORIGINALLY COUNT IX) VIOLATION
OF CALIFORNIA BUSINESS AND PROFESSIONS CODE,
§17200 et seq. (AS TO ALL DEFENDANTS) .........................................23
    8.    COUNT VIII (ORIGINALLY COUNT X) BREACH OF
COVENANT OF GOOD FAITH AND FAIR DEALING (AS
TO LEHMAN, AURORA, LEXINGTON, MLN, AND DOES) ....................25
    9.    COUNT IX (ORIGINALLY COUNT XI) QUIET TITLE
[CODE CIV. PROC. §§760.010-764.080] (AS TO
NATIONSTAR AND DOES)....................................................................27
PRAYER FOR RELIEF ...........................................................................28
VERIFICATION.......................................................................................31
EXHIBITS "A" THROUGH "T"

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

# TABLE OF AUTHORITIES

**Cases**
*Arnolds Management Corp. v. Eischen*, 205 Cal.Rptr. 15, 158
   Cal.App.3d 575 (Cal. App. 2 Dist., 1984) ....................................2

**Statutes**
California Business & Professions Code, §17200 ................................1, 23
*California Civil Code §2923.6* .............................................................22, 23
*California Civil Code §2931* ......................................................................21
*California Code of Civil Procedure §§410.10, 410.40*................................2
Covenant Of Good Faith And Fair Dealing ...............................................25
Equal Credit Opportunity Act., *15 U.S.C., §1691* .................................1, 17
Fair Housing Act, *42 U.S.C., §3605* ......................................................1, 14
Quiet Title, Code Civ. Proc. §§760.010-764.080.....................................1, 27
Real Estate Settlement Procedure Act, *12 U.S.C., §2601 et seq* ..............1, 13
Regulation X, *24 CFR, §3500 et seq*............................................................1
Regulation Z, *13 CFR., §226 et seq*............................................................1
Truth in Lending Act, *15. U.S.C. §1601 et seq*......................................1, 12
Unruh Act, California Civil Code, §51 ......................................................1, 18
Wrongful Foreclosure, Cal. Civil code §§2924 and 2923.5........... 1, 20, 21, 22

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

## A.   PRELIMINARY STATEMENT

1.     Plaintiffs filed an initial complaint for damages in the California Superior Court on May 1, 2013. All defendants were served, except for Mortgage Lenders Network USA, Inc., and Lexington Capital Corporation dba Lexington Mortgage Services. The served defendants removed the matter to the U.S. District Court, and filed motions to dismiss. The court granted the motions to dismiss with leave to amend, specifying conditions for amending for each cause of action, and dismissed defendant Quality Loan Service Corp.

2.     Plaintiffs file this first amended complaint for actual and compensatory damages, statutory damages, rescission, punitive damages, attorney fees, and costs of this action against defendants for violations of the following federal statutes and state law claims:

   a.  Truth in Lending Act, *15. U.S.C. §1601 et seq.*, (hereinafter TILA), and Regulation Z, *13 C.F.R., §226 et seq.;*

   b.  Real Estate Settlement Procedure Act, *12 U.S.C., §2601 et seq.,* (hereinafter RESPA), and Regulation X, *24 CFR, §3500 et seq.;*

   c.  Fair Housing Act, *42 U.S.C., §3205;*

   d.  Equal Credit Opportunity Act., *15 U.S.C., §1691;*

   e.  Unruh Act, California Civil Code, §51;

   f.  Wrongful Foreclosure, Cal. Civil code §§2924 and 2923.5;

   g.  California Business & Professions Code, §17200;

   h.  Breach of Implied Covenant of Good Faith and Fair Dealing;

   i.  Quiet Title, Code Civ. Proc. §§760.010-764.080

3.     Plaintiffs only recently discovered the violations of these laws. Plaintiffs are not familiar with, nor have any expertise in, mortgage transactions. Plaintiffs did not and could not have reasonably discovered these violations despite due diligence. As such, this action is timely as any and all applications of the statutes of limitations were equitably tolled pursuant to federal and/or state law.

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #18222
Mission Viejo CA 92692

4.     The court ruled that for the causes of action for slander of title, wrongful foreclosure, quiet title, and declaratory relief to go forward, the plaintiffs had to make a good faith tender offer for the full amount of the balance of the mortgage. The case that established the "tender rule" is *Arnolds Management Corp. v. Eischen*, 205 Cal.Rptr. 15, 158 Cal.App.3d 575 (Cal. App. 2 Dist., 1984). This case lays out the parameters for requiring a good faith tender, but it distinguishes between cases where the property has already been sold at a trustee's sale, and those where the trustee's sale has not yet taken place. "...plaintiffs' action must fail because their tender of payment was not an unconditional offer to pay all of the sums necessary to cure the default." [emphasis added] (*Ibid* at p 18). Consequently, the plaintiffs herewith tender in good faith the full amount of the arrears, which amount will need to be determined by defendant Nationstar Mortgage, LLC, following which the plaintiffs will deposit the determined amount with the court, or in such manner as the court may direct.

**B.     JURISDICTION AND VENUE**

5.     Jurisdiction venue of this Court are proper pursuant to *California Code of Civil Procedure §§410.10, 410.40*, because: (i) the Plaintiffs resided within the County of Orange, State of California, during the pendency of this matter; (ii) the Defendants, and each of them, has/have or is/are doing business within the County of Orange, State of California; and (iii) the *pendente* causes of action pursuant to California law concern real property within the County of Orange, State of California.

6.     Plaintiffs, RICHARD B. & JACETA S. RUSSELL (hereinafter "plaintiffs") are individuals married to each other and at all times relevant hereto residents of the City of Santa Ana, County of Orange, State of California.

7.     Plaintiffs are informed and believe, and thereon allege that: AURORA BANK FSB (hereinafter "Aurora") is a federal savings bank, duly chartered by

the United States of America. Aurora was a wholly owned subsidiary of Lehman Brothers Bank FSB, which is a wholly owned subsidiary of Lehman Bancorp, Inc. Lehman Bancorp is a wholly owned subsidiary of Defendant LEHMAN BROTHERS HOLDINGS, INC. (hereinafter "Lehman"). Upon Lehman's September 15, 2008, bankruptcy, Aurora and its mortgage servicing arm, Defendant AURORA LOAN SERVICES LLC (hereinafter "Aurora Services"), became assets of the Lehman Brothers estate, managed by restructuring specialist Alvarez & Marsal.  In 2012, well after the Federal Reserve and the Office of Controller of Currency (OCC) opened their foreclosure review, called the Independent Foreclosure Review, Alvarez & Marsal sold Aurora to New York Community Bank (NYCB) and Aurora Services to Defendant NATIONSTAR MORTGAGE LLC (hereinafter "Nationstar").

8.     Plaintiffs are informed and believe, and thereon allege that: AURORA LOAN SERVICES LLC is a Delaware limited liability company conducting business as a financial services company in the State of California. Aurora Services became the servicing agent for the mortgage when MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereinafter "MERS") (not a defendant herein) transferred its servicing status to Aurora Services on July 1, 2009. Aurora Services transferred its servicing status to Aurora on July 21, 2011. On June 25, 2012, Aurora Services transferred its beneficial ownership in the Deed of Trust (hereinafter "DOT") to Nationstar.

9.     Plaintiffs are informed and believe, and thereon allege that: LEHMAN BROTHERS HOLDINGS, INC., is a Delaware corporation conducting business as a financial services company in the State of California. Lehman, through its subsidiary Aurora, was the original beneficial owner of the DOT, represented by mortgage broker Defendant LEXINGTON CAPITAL CORPORATION dba LEXINGTON MORTGAGE SERVICES (hereinafter "Lexington").

10.    Plaintiffs are informed and believe, and thereon allege that: LEXINGTON

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #E222
Mission Viejo CA 92692

3

CAPITAL CORPORATION dba LEXINGTON MORTGAGE SERVICES hereinafter "Lexington") is a New York corporation that was conducting business as a financial services company in the State of California when the plaintiffs took out their mortgage. Lexington has since forfeited its right to conduct business in California. Lexington was the original mortgage broker representing the interests of Lehman.

11.     Plaintiffs are informed and believe, and thereon allege that: MORTGAGE LENDERS NETWORK USA, INC. (hereinafter "MLN"), is a Delaware corporation that was conducting business as a financial services company in the State of California when the plaintiffs took out their mortgage. MLN has since forfeited its right to conduct business in California. MLN was the initial servicer of the DOT. MLN transferred its servicing status to MERS on January 31, 2007.

12.     Plaintiffs are informed and believe, and thereon allege that: Defendant NATIONSTAR MORTGAGE LLC, is a Delaware limited liability company conducting business as a financial services company in the State of California. On July 1, 2012, Nationstar purchased the assets of Aurora Services from the Lehman Brothers estate, including the DOT herein.

13.     Defendant DOES 1 through 100, inclusive, are sued under fictitious names because their true names and capacities are unknown to plaintiffs. Plaintiffs are informed and believe, and thereon allege, that each fictitiously named DOE defendant is responsible in some manner for the violations of law herein alleged, and that plaintiffs' damages were caused by those DOE defendants. The DOE defendants include all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiffs' title. Plaintiff will amend this complaint to add the true names of the fictitiously named DOE defendants once they are discovered. Whenever reference is made in this complaint to "defendants", such reference shall include DOES 1 through 100.

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

1   14.    Plaintiffs are informed and believe, and thereon allege that at all times

2   relevant herein, and for each cause of action as appropriate, each of the

3   defendants was the agent, servant, and/or employee of all the other defendants

4   and was acting within the scope of his or her authority as agent, servant,

5   and/or employee with the permission and consent of his or her co-defendants.

6   15.    Whenever in this complaint reference is made to any act of defendants,

7   such allegation shall be deemed to mean the act of each defendant acting

8   individually and jointly with the other defendants named in that cause of

9   action.

10              C.    **COMMON FACTUAL ALLEGATIONS**

11   16.    On or about December 22, 2006 (hereinafter "Original Execution Date"),

12   Plaintiffs executed the DOT and initial mortgage note (hereinafter "Note") to

13   become the owner in fee simple of Title to the property described below,

14   situated in the County of Orange. The APN is 001-136-01. The property is

15   located in the City of Santa Ana. The street address is 2526 North Baker Street,

16   Santa Ana, California, 92706 (hereinafter "Property"), and is particularly

17   described as follows:

18   ALL THAT REAL PROPERTY SITUATED IN THE CITY OF SANTA ANA, COUNTY

19   OF ORANGE, STATE OF CALIFORNIA, DESCRIBED AS: THE NORTH 75 FEET

20   OF LOT 1, AND THE NORTH 75 FEET OF THE EAST 18.22 FEET OF LOT 2 OF

21   TRACT 1878, IN THE CITY SANTA ANA, COUNTY OF ORANGE, STATE OF

22   CALIFORNIA, AS PER MAP RECORDED IN BOOK 55, PAGE 36, INCLUSIVE,

23   OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER

24   OF SAID COUNTY.

25   17.    The beneficiary of the DOT was MERS, the Lender was Lehman. MLN

26   recorded said DOT on January 31, 2007, with the county Recorder (*see an*

27   *uncertified copy of the DOT, attached hereto as Exhibit "A"*). Plaintiffs are

28   informed and believe, and thereon allege that MLN was the servicer of the Note,

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

but transferred the servicing status to Aurora Services on February 1, 2007.

(*See a true and correct copy of the Note, attached hereto as Exhibit "B"*)

18.     The Property has been assigned a MERS Mortgage Identification Number (MIN) of 1002610-3030081176-6. The MERS Min servicer ID website shows that the servicer for this MIN # is "Aurora Bank FSB" and indicates that the status is "inactive." The investor listed for this MIN # is U.S. Bank as Trustee (*see true and correct copies of MERS MIN servicer search result and servicer/investor information attached hereto as Exhibit "C"*).

19.     Plaintiffs are informed and believe, and thereon allege that the Note was packaged into a derivative mortgage trust established by Lehman. The trustee of the derivative mortgage trust (hereinafter "Trust") was U.S. Bank (see ¶18).

20.     The Note and DOT declare a face amount of $787,500.00.

21.     The Note declares an initial interest rate of 7.05% (but see ¶23 and ¶40 below).

22.     The Note declares that Plaintiffs' first payment would be due on February 1, 2007.

23.     The Note was accompanied by two Truth in Lending Disclosure Statements (hereinafter referred to as "TILDS-1 and TLDS-2"), both dated December 22, 2006, the date the loan closed (*see true and correct copies of TILDS-1 and TILDS-2 attached hereto respectively as Exhibits "D" and "E"*). TILDS-1, with the same loan number as the Note (3030081176), indicates an interest rate of 9.288%. TILDS-2 has a loan number of 0510EM018338 and indicates an interest rate of 7.05%, the same as on the Note with the loan number of 3030081176.

24.     The HUD Addendum accompanying the Settlement Statement contains the following charges (*see true and correct copy of HUD Addendum attached hereto as Exhibit "F"*):

///

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

| What & to whom | Amount |
|---|---|
| Loan discount (to MLN) | 7,875.00 |
| Appraisal fee | 550.00 |
| Doc prep fee (to MLN) | 250.00 |
| Mortgage broker fee (to Lexington) | 15,750.00 |
| Underwriting fee (to MLN) | 549.00 |
| Broker processing/application (to Lexington) | 1,120.00 |
| Broker/reimbursed | 550.00 |
| Hazard Insurance (to Allied Ins.) | 1,240.00 |
| Settlement or Closing fee (to Chain of Title) | 650.00 |
| Document prep fee | 100.00 |
| Notary fees | 400.00 |
| Title Insurance fee | 1,450.00 |
| Tax service fee | 50.00 |
| Flood cert fee | 8.50 |
| Attorney courier fee | 100.00 |
| Reliant financing | 8,518.00 |
| TOTAL | 39,160.50 |

25.   The HUD Settlement Statement contains the following charges (*see true and correct copy of HUD Settlement Statement attached hereto as Exhibit "G"*):

| What & to whom | Amount | Line number |
|---|---|---|
| Loan discount (to MLN) | 7,875.00 | 802 |
| Doc prep fee (to MLN) | 250.00 | 807 |
| Mortgage broker fee (to Lexington) | 15,750.00 | 806 |
| Underwriting fee (to MLN) | 549.00 | 804 |
| Broker processing/application (to Lexington) | 1,120.00 | 808 |
| Broker/reimbursed | 550.00 | 810 |
| Settlement or Closing fee (to Chain of Title) | 650.00 | 1101 |

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

| | | |
|---|---|---|
| Document prep fee | 100.00 | 1105 |
| Notary fees | 200.00 | 1106 |
| Title Insurance fee | 1,600.00 | 1108 |
| Tax service fee | 50.00 | 805 |
| Flood cert fee | 8.50 | 809 |
| Attorney courier fee | 100.00 | 1302 |
| Interest | 608.42 | 901 |
| Disbursement fee (to Chain of Title) | 150.00 | 1111 |
| Recording Service fee (to Fidelity national) | 30.00 | 1112 |
| Tax research (to Fidelity National) | 50.00 | 1113 |
| Recording fees | 96.00 | 1201 |
| Wire fee (to Chain of Title) | 40.00 | 1301 |
| Total Settlement charges on HUD Stmt | 29,776.92 | 1400 |
| Reliant financing | 8,518.00 | 105 |
| RE Taxes | 4,110.37 | 109 |
| AMC Mortgage payoff | 716,676.76 | 104 |
| Gross amount due from borrower | 759,082.05 | 301 |
| Amount paid for borrower (the loan) | 787,500.00 | 302 |
| Loan proceeds to borrower | 28,417.95 | 303 |

26.     On December 22, 2006, the date the loan closed, defendants Lehman, Aurora, Lexington, and MLN presented the Plaintiffs with three different Good Faith Estimates (hereinafter "RESPA-1", "RESPA-2" and "RESPA-3") (*see true and correct copies of RESPA-1, RESPA-2, and RESPA-3, attached hereto respectively as Exhibits "H", "I", and "J"*). RESPA-1, totaling $29,168.50, and RESPA-3, totaling $29,776.92, both referenced loan number 0610EMO106338, and indicated an interest rate of 7.05%. RESPA-2, totaling $29,694.62, referenced loan number 3030681176 (the same loan number as the Note), and did not list an interest rate.

27.     The DOT and Note contain provisions, several of which may be unlawful or at the least unconscionable, allowing the creditor to terminate or accelerate the account. These provisions are listed in paragraphs 18, 19 & 20 (among others) of the DOT (*see Exhibit "A"*) and paragraphs 4, 6 & 7 of the Note (*see Exhibit "B"*).

28.     The DOT and Note contain provisions, several of which may be unlawful or at the least unconscionable, listing the Plaintiffs' obligations. These provisions are listed in paragraphs 13, 16, 19 & 20 (among others) of the DOT (*see Exhibit "A"*) and paragraph 5 of the Note (*see Exhibit "B"*).

29.     On December 12, 2007, just before the first anniversary of the Note, Lehman sent the plaintiffs a letter announcing that it had converted their loan to a conventional, fixed rate loan at the initial interest rate of 7.05% (*see a true and correct copy of Lehman letter dated 12/21/2007, attached hereto as Exhibit "K"*). Lehman stated that since 7.05% was the lowest rate available under the terms of the loan, it was doing the plaintiffs a favor. According to HSH.com the national average rate for a fixed rate mortgage in December 2007 was 6.6%, and it declined each year through 2012: 2008 – 6.01%, 2009 -5.25%, 2010 – 5.07%, 2011 – 4.29%, and 2012 – 3.62% (*see true and correct copies of the HSH.com printouts for 2006 through 2012, attached hereto as Exhibit "L"*).

30.     Plaintiffs are informed and believe, and thereon allege that in 2012 the Lehman estate manager, Alvarez & Marsal, sold Aurora Services to Nationstar.

31.     Commencing September 24, 2008, plaintiffs requested a Loan Modification from Aurora Services. They were continuously stonewalled in their attempts to establish a dialogue with Aurora Services.

      a.  They were placed on hold and left there interminably.

      b.  They were told their application papers had been misplaced.

      c.  They were repeatedly told that they needed to submit additional information, information they already had submitted, but could not be found by Aurora.

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

32.   On November 13, 2008, Quality Loan Services Corp. (hereinafter "QLS") (dismissed by the court as a defendant herein) issued a Notice of Default (*see true and correct copy of Notice of Default attached hereto as Exhibit "M"*).

33.   On February 14, 2009, QLS recorded the Notice of Trustee's Sale (*see true and correct copy of Notice of Trustee's Sale attached hereto as Exhibit "N"*).

34.   On March 4, 2009, Plaintiffs filed an emergency Chapter 13 Bankruptcy (Case No: 8:09-bk-11901-ES) (hereinafter "BK"), so that the scheduled sale of the Property was stayed.

35.   On January 5, 2010, Plaintiffs' Chapter 13 Plan was approved by the BK court.

36.   On April 13, 2011, QLS recorded a second Notice of Trustee's Sale, but cancelled the sale (*see a true and correct copy of Notice of Trustee's Sale, attached hereto as Exhibit "O"*)

37.   On April 19, 2012, Aurora (NOT Aurora Services) issued a Notice of Default (*see a true and correct copy of Notice of Default, attached hereto as Exhibit "P"*).

38.   On May 25, 2012, Aurora Services filed the default and requested a lifting of the automatic stay under the Adequate Protection Order (*see a true and correct copy of Aurora Services default dated May 25, 2012, attached hereto as Exhibit "Q"*). The order was entered on June 1, 2012 (*see a true and correct copy of order lifting automatic stay dated June 1, 2012, attached hereto as Exhibit "R"*).

39.   On August 1, 2012, QLS recorded a third Notice of Trustee's Sale (*see a true and correct copy of Notice of Trustee's Sale, attached hereto as Exhibit "S"*).

40.   Plaintiffs are informed and believe, and thereon allege that the national average rates for adjustable rate mortgages in December, 2006, (when the plaintiff's took out their mortgage) was 5.84% (*see Exhibit "L"*). The plaintiffs' mortgage carried an interest rate of 7.05% plus one discount point, for a total interest rate of 8.05%.

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

41.     Plaintiffs received conflicting settlement statements (see ¶¶24&25 and Exhibits "F" & "G").

42.     According to Zillow.com, nationwide, mortgage fees and charges (typically called closing costs) range from 2% to 5% for loans that range between $150,000 to $350,000 (*see a true and correct copy of Zillow closing cost rates, attached hereto as Exhibit "T"*). As the loan amount goes higher, most of the closing costs remain at the same dollar level except any discount points which are a percentage of the loan amount (in the within case, 1%). Consequently, for so-called jumbo loans (loans exceeding $450,000), typical closing costs are at the low end of the range. The plaintiffs borrowed $787,500, and reasonably should have expected closing costs near 2%, or about $16,000. Plaintiffs were charged a total of $39,626.50, or 5.03% of the loan amount, in fees and charges.

43.     Plaintiffs are informed and believe, and thereon allege that the conduct of defendants, and each of them, as alleged above, is part of a pattern and practice of predatory lending by making loans on terms less favorable than those available to similarly situated customers of a different race, ethnicity or national origin. Moreover, plaintiffs allege that defendants, and each of them, regularly made and make loans they knew, know, should have known, or should know, cannot be repaid, thereby exposing its financially unsophisticated borrowers to unwarranted risk of default and foreclosure.

44.     Plaintiffs allege on information and belief that defendants Aurora, Lehman, Lexington and MLN did not clearly or conspicuously disclose or explain the terms of the loan they offered to the plaintiffs.

45.     Plaintiffs allege that their purpose of entering into the above-described mortgage loan transaction was for plaintiffs to eventually own the Property. This purpose was knowingly and intentionally thwarted and indeed made impossible by defendants' actions alleged herein.

### D.  CAUSES OF ACTION

#### 1.  COUNT I (ORIGINALLY COUNT II)
#### VIOLATION OF TRUTH IN LENDING ACT
#### (15 USC §1601)
#### (AS TO AURORA, LEHMAN, LEXINGTON,  MLN, AND DOES)

46.  Plaintiffs repeat and reallege, and incorporate by reference herein, each and every allegation contained in paragraphs 1 through 45 of this Complaint.

47.  Defendant Lexington, as the original mortgage broker representing the interests of Lehman, and its wholly owned subsidiary Aurora are "creditors" within the meaning of the Truth in Lending Act (hereinafter, "TILA") as implemented by Regulation Z.

48.  Defendant MLN is a "creditor" within the meaning of TILA as implemented by Regulation Z.

49.  Lehman, Aurora, and Lexington had a fiduciary duty to ensure that MLN executed the mortgage loan equitably and lawfully in compliance with TILA. They are individually and jointly liable with MLN for any noncompliance with TILA.

50.  MLN failed to disclose the true cost of the Note in a clear, conspicuous and accurate manner, in violation of TILA and Regulation Z. See ¶23 and Exhibits "D" and "E" for the details of the confusing TILA disclosures.

51.  The plaintiffs were entirely unsophisticated in financial matters, and as such they put their complete trust in the defendants, believing that the defendants were looking out for the plaintiffs' best interests.

52.  On information and belief, the plaintiffs allege that when Lehman, Aurora, Lexington, and MLN realized that the plaintiffs' lack of sophistication in financial matters caused them not to understand the discrepancies between TILDS-1 and TILDS-2, the defendants then conspired to take advantage of their lack of sophistication, and to increase the transaction closing costs above what was the industry standard.

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

As a direct and proximate result of the aforesaid violations of the Acts, plaintiffs detrimentally relied upon such inaccurate and confusing disclosures by Lehman, Aurora, Lexington, and MLN, and have sustained damages, including but not limited to, paying fees and charges of at least $23,500 in excess of what they should have paid but for the violations, all in an amount to be proven at trial

### 2. COUNT II (ORIGINALLY COUNT III)
### VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT
### (12 USC §2601)
### (AS TO AURORA, LEHMAN, LEXINGTON,  MLN, AND DOES)

53.   Plaintiffs repeat and reallege, and incorporate by reference herein, each and every allegation contained in paragraphs 1 through 0 of this Complaint.

54.   Defendants' (Lehman, Aurora, Lexington, and MLN) home mortgage loans are federally regulated mortgage loans as defined in Real Estate Settlement Procedures Act *(hereinafter "RESPA"), 12 U.S.C., §2602.*

55.   The Note between plaintiffs and MLN (representing Lehman, Aurora, and Lexington) is a federally regulated mortgage loan as defined in the *RESPA, 12 U.S.C., §2602.*

56.   On December 22, 2006, the closing date of the loan, Lehman, Aurora, Lexington, and MLN presented the plaintiffs with three conflicting Good Faith Estimates, RESPA-1, RESPA-2, and RESPA-3 (see ¶26 and Exhibits "H", "I" and "J"). These estimates referenced two different loan numbers, did not list an interest rate for the loan number that is the same as the Note, and presented three different estimated closing costs. All three of these RESPA disclosures were presented to the plaintiffs at the same time as they were presented with the actual loan documents.

57.   Plaintiffs are informed and believe, and thereon allege that Lehman, Aurora, Lexington, and MLN charged them for the preparation of disclosure statements required by TILA and RESPA. These charges include, but are not

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

13

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

1  limited to, $250 paid to MLN, $1,100 paid to Lexington, and $100 paid to the

2  escrow agent ("Chain of Title" – not a defendant herein).

3  58.    Plaintiffs are informed and believe, and thereon allege that the costs and

4  fees charged were not reasonably related to the services performed by the

5  defendants.

6  59.    As stated earlier, the plaintiffs were unsophisticated in financial matters

7  and believed that the defendants were looking out for the plaintiffs' best

8  interests. Consequently, on information and belief, the plaintiffs allege that the

9  defendants, and each of them, conspired to, and did violate *RESPA* by failing to

10  provide the disclosures required by *RESPA* in an <u>accurate</u> and <u>timely</u> fashion.

11

12  **3.    COUNT III (ORIGINALLY COUNT IV)**
**VIOLATION OF FAIR HOUSING ACT**
13  **(42 U.S.C., §3605)**
**(AS TO ALL DEFENDANTS)**

14  60.    Plaintiffs repeat and reallege, and incorporate by reference herein, each

15  and every allegation contained by paragraphs 1 through 59 of this Complaint.

16  61.    Defendants Lehman, Aurora, Lexington, and MLN, and each of them, are

17  entities that engaged in transactions related to residential real estate.

18  62.    The Note loan made by MLN as agent for Lehman, Aurora, and Lexington

19  to plaintiffs was a transaction related to real estate.

20  63.    The foreclosure transactions initiated by Aurora Services and Nationstar,

21  and each of them, were transactions related to residential real estate.

22  64.    Plaintiffs are African American.

23  65.    Defendants Lehman, Aurora, Lexington, and MLN offered the plaintiff's

24  an interest rate of 8.05% (including the discount point) (see ¶¶21, 23 and 40),

25  even though the national average interest rate for ARM mortgages when they

26  took out their mortgage was 5.84% (see ¶40).

27  66.    On information and belief, plaintiffs allege that defendants Lehman,

28  Aurora, Lexington, and MLN, and each of them, discriminated against the

plaintiffs on the basis of their race and ethnicity by offering them an interest

rate that was 2.21% more than what they were offering similarly situated

Caucasian borrowers, subject to proof to be obtained during discovery.

67.     Lehman, Aurora, Lexington, and MLN failed to disclose the true cost of

the Note in a clear, conspicuous and accurate manner. See ¶23 and Exhibits

"D" and "E" for the details of the confusing TILA disclosures.

68.     The plaintiffs were entirely unsophisticated in financial matters, and as

such they put their complete trust in the defendants, believing that the

defendants were looking out for the plaintiffs' best interests.

69.     On information and belief, the plaintiffs allege that when Lehman,

Aurora, Lexington, and MLN realized that the plaintiffs' lack of sophistication in

financial matters caused them not to understand the discrepancies between

the TILDS disclosures, the defendants then conspired to take advantage of

their lack of sophistication, and to increase the transaction closing costs above

what was the industry standard, causing the plaintiffs to pay at least $23,500

in extra closing costs.

70.     On information and belief, plaintiffs allege that defendant Aurora

Services discriminated against the plaintiffs on the basis of their race and

ethnicity during the plaintiffs' loan modification request by placing them on

hold and leaving them on hold indefinitely, by telling them their application

papers had been misplaced, and by repeatedly requiring them to submit

additional information, information they already had submitted, whereas

Caucasian applicants were treated with respect, and their applications were

handled expeditiously, subject to proof to be obtained during discovery (see

¶31).

71.     On information and belief, plaintiffs allege that defendants Aurora

Services and Nationstar discriminated against the plaintiffs on the basis of

their race and ethnicity during the foreclosure process by taking advantage of

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

1  their lack of sophistication in financial matters through a process of moving

2  trusteeship and servicing responsibilities several times during the proceedings,

3  adding confusion and frustration to an already stressful situation. For

4  Caucasian clients, on the other hand, the defendants took the time to explain

5  each step of the process, giving the Caucasian clients every chance to correct

6  the situation and to go on with their lives, subject to proof to be obtained

7  during discovery.

8  72.    On information and belief, plaintiffs allege that defendant Nationstar

9  discriminated against the plaintiffs on the basis of their race and ethnicity, by

10 offering the plaintiffs a loan modification with entirely unacceptable terms[1],

11 whereas Caucasian applicants were presented with loan modification packages

12 that were reasonable with acceptable terms, subject to proof to be obtained

13 during discovery.

14 73.    Plaintiffs have been damaged financially by the total of the differential

15 they have paid resulting from their higher interest rate, by at least $23,000 in

16 extra fees they have paid, by the damage they will suffer from the loss of their

17 home, and by the damage to their reputations, all as a result of defendants'

18 individual and collective discriminatory conduct.

19

20 **4.    COUNT IV (ORIGINALLY COUNT V)**
**VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT**
**(15 U.S.C., §1691)**

21 **(AS TO ALL DEFENDANTS)**

22 74.    Plaintiffs repeat and reallege, and incorporate by reference herein, each

23 and every allegation contained in paragraphs 1 through 73 of this Complaint.

24 ───────────────

25 [1] Nationstar increased the balance due from about $787,000 to $874,491.78 – an increase of
approximately $100,000, or an increase in the principal of nearly 13%. During the initial rate

26 reduction period, the offered interest rate was a reasonable 2%, but thereafter, it increased to
7.05%, which is nearly twice the going interest rate. Nationstar reduced the payments to

27 $3,857.13, but the 7.05% interest rate following the rate reduction period implies a monthly
interest payment of $5,122, so the plaintiffs would either experience an endless negative

28 amortization of their loan (to Nationstar's financial advantage), or they would be right back in
the financial trouble that started the whole thing in the first place.

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

75.    Defendants Lehman, Aurora, Lexington, and MLN are "creditors" within the meaning of *15 U.S.C., §1691(e)*.

76.    The Note between plaintiffs and Lehman, Aurora, Lexington, and MLN was a credit transaction.

77.    Plaintiffs are African American.

78.    Defendants Lehman, Aurora, Lexington, and MLN offered the plaintiffs an interest rate of 8.05% (including the discount point) (see ¶¶21, 23 and 40), even though the national average interest rate for ARM mortgages when they took out their mortgage was 5.84% (see ¶40).

79.    On information and belief, plaintiffs allege that defendants Lehman, Aurora, Lexington, and MLN, and each of them, discriminated against the plaintiffs on the basis of their race and ethnicity by offering them an interest rate that was 2.21% more than what they were offering similarly situated Caucasian borrowers, subject to proof to be obtained during discovery.

80.    Lehman, Aurora, Lexington, and MLN failed to disclose the true cost of the Note in a clear, conspicuous and accurate manner. See ¶23 and Exhibits "D" and "E" for the details of the confusing TILA disclosures.

81.    The plaintiffs were entirely unsophisticated in financial matters, and as such they put their complete trust in the defendants, believing that the defendants were looking out for the plaintiffs' best interests.

82.    On information and belief, the plaintiffs allege that when Lehman, Aurora, Lexington, and MLN realized that the plaintiffs' lack of sophistication in financial matters caused them not to understand the discrepancies between the TILDS disclosures, the defendants then conspired to take advantage of their lack of sophistication, and to increase the transaction closing costs above what was the industry standard, causing the plaintiffs to pay at least $23,500 in extra closing costs.

83.    On information and belief, plaintiffs allege that defendant Aurora

Services discriminated against the plaintiffs on the basis of their race and ethnicity during the plaintiffs' loan modification request by placing them on hold and leaving them on hold indefinitely, by telling them their application papers had been misplaced, and by repeatedly requiring them to submit additional information, information they already had submitted, whereas Caucasian applicants were treated with respect, and their applications were handled expeditiously, subject to proof to be obtained during discovery (see ¶31).

84.    On information and belief, plaintiffs allege that defendant Nationstar discriminated against the plaintiffs on the basis of their race and ethnicity, by offering the plaintiffs a loan modification with entirely unacceptable terms (see footnote 1, ¶72), whereas Caucasian applicants were presented with loan modification packages that were reasonable with acceptable terms, subject to proof to be obtained during discovery.

85.    Plaintiffs have been damaged financially by the total of the differential they have paid resulting from their higher interest rate, by at least $23,000 in extra fees they have paid, by the damage they will suffer from the loss of their home, and by the damage to their reputations, all as a result of defendants' individual and collective discriminatory conduct.

### 5.    COUNT V (ORIGINALLY COUNT VI)
### VIOLATION OF UNRUH ACT
### (CALIFORNIA CIVIL CODE §51)
### (AS TO ALL DEFENDANTS)

86.    Plaintiffs repeat and reallege, and incorporate by reference herein, each and every allegation contained in paragraphs 1 through 85 of this Complaint.

87.    Defendants Lehman, Aurora, Lexington, and MLN offered the plaintiff's an interest rate of 8.05% (including the discount point) (see ¶¶21, 23 and 40), even though the national average interest rate for ARM mortgages when they took out their mortgage was 5.84% (see ¶40).

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

18

88.    On information and belief, plaintiffs allege that defendants Lehman, Aurora, Lexington, and MLN, and each of them, discriminated against the plaintiffs on the basis of their race and ethnicity by offering them an interest rate that was 2.21% more than what they were offering similarly situated Caucasian borrowers, subject to proof to be obtained during discovery.

89.    Lehman, Aurora, Lexington, and MLN failed to disclose the true cost of the Note in a clear, conspicuous and accurate manner. See ¶23 and Exhibits "D" and "E" for the details of the confusing TILA disclosures.

90.    The plaintiffs were entirely unsophisticated in financial matters, and as such they put their complete trust in the defendants, believing that the defendants were looking out for the plaintiffs' best interests.

91.    On information and belief, the plaintiffs allege that when Lehman, Aurora, Lexington, and MLN realized that the plaintiffs' lack of sophistication in financial matters caused them not to understand the discrepancies between the TILDS disclosures, the defendants then conspired to take advantage of their lack of sophistication, and to increase the transaction closing costs above what was the industry standard, causing the plaintiffs to pay at least $23,500 in extra closing costs.

92.    On information and belief, plaintiffs allege that defendant Aurora Services discriminated against the plaintiffs on the basis of their race and ethnicity during the plaintiffs' loan modification request by placing them on hold and leaving them on hold indefinitely, by telling them their application papers had been misplaced, and by repeatedly requiring them to submit additional information, information they already had submitted, whereas Caucasian applicants were treated with respect, and their applications were handled expeditiously, subject to proof to be obtained during discovery (see ¶31).

93.    On information and belief, plaintiffs allege that defendants Aurora

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

19

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

1   Services and Nationstar discriminated against the plaintiffs on the basis of

2   their race and ethnicity during the foreclosure process by taking advantage of

3   their lack of sophistication in financial matters through a process of moving

4   trusteeship and servicing responsibilities several times during the proceedings,

5   adding confusion and frustration to an already stressful situation. For

6   Caucasian clients, on the other hand, the defendants took the time to explain

7   each step of the process, giving the Caucasian clients every chance to correct

8   the situation and to go on with their lives, subject to proof to be obtained

9   during discovery.

10   94.    On information and belief, plaintiffs allege that defendant Nationstar

11   discriminated against the plaintiffs on the basis of their race and ethnicity, by

12   offering the plaintiffs a loan modification with entirely unacceptable terms (see

13   footnote 1, ¶72), whereas Caucasian applicants were presented with loan

14   modification packages that were reasonable with acceptable terms, subject to

15   proof to be obtained during discovery.

16   95.    Plaintiffs have been damaged financially by the total of the differential

17   they have paid resulting from their higher interest rate, by at least $23,000 in

18   extra fees they have paid, by the damage they will suffer from the loss of their

19   home, and by the damage to their reputations, all as a result of defendants'

20   individual and collective discriminatory conduct.

21

22              **6.    COUNT VI (ORIGINALLY COUNT VIII)**
                      **WRONGFUL FORECLOSURE**
                **(CAL. CIVIL CODE §§2924 and 2923.5)**
23          **(AS TO AURORA SERVICES, NATIONSTAR, AND DOES)**

24   96.    Plaintiffs repeat and reallege, and incorporate by reference herein, each

25   and every allegation contained in paragraphs 1 through 95 of this Complaint.

26   97.    In compliance with the tender rule, the plaintiffs herewith tender in good

27   faith the full amount of the arrears, which amount will need to be determined

28   by defendant Nationstar, following which the plaintiffs will deposit the

determined amount with the court, or in such manner as the court may direct (see ¶4).

## SUBSTANTIVE DEFECTS IN FORECLOSURE ACTION

98.   Defendants attempted to foreclose under California's non-judicial foreclosure provisions of *Civil Code § 2924(a)* that provides in pertinent part: "... a power of sale is conferred upon the mortgagee, trustee, or any other person, to be exercised after a breach of the obligation for which that mortgage or transfer is a security."

99.   Defendants lacked standing to avail themselves of the non-judicial foreclosure statute since no Deed of Trust provides the required notice of a power of sale.

100.   The notice of power of sale provisions and of terms critical to the understanding of a borrower must be of a character such as will draw the attention of the borrower to the provisions so that the borrower may be fully informed as to the terms he/she is agreeing to. See, for instance, *California Civil Code § 1916.7(c)* that mandates that notice of adjustable rate information in a mortgage note must begin with "NOTICE TO BORROWER" in at least 10-point bold font.

101.   Plaintiffs have not been provided with adequate notice of a power to sell under a Deed of Trust and therefore any language that might be construed as a power of sale is void.

## PROCEDURAL DEFECTS IN FORECLOSURE ACTION

102.   *California Civil Code §2931* provides that a mortgagee may foreclose on the right of redemption of the mortgagor in the manner prescribed by the *Code of Civil Procedure.*

103.   Any authority that defendants might have had to foreclose has been rendered void by operation of law, due to the failure of defendants to comply with the provisions of *Civil Code §2923.5(a)(1)* that provides that "A mortgagee,

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

1  trustee, beneficiary, or authorized agent may not file a notice of default

2  pursuant to Section 2924 until 30 days after contact is made as required by

3  paragraph (2) or 30 days after satisfying the due diligence requirements as

4  described in subdivision (g)."

5  104.  Between September 2008 through May 2012, Plaintiffs attempted to call,

6  work with, and finally to meet with Aurora Services and with Nationstar

7  following their assumption of the Aurora Services accounts. Plaintiffs' requests

8  were pursuant to the provisions of *California Civil Code §2923(a)(2)* which

9  provides that: "... if requested, the mortgagee, beneficiary, or authorized agent

10  shall schedule the meeting to occur within 14 days. [emphasis added].

11  105.  Several meetings between counsels took place by telephone, but these

12  "meetings" were not meetings pursuant to the provisions of *California Civil*

13  *Code §2923(a)(2)*

14  106.  Defendants did not make a good faith attempt at contacting Plaintiffs in

15  a meaningful way in an attempt at resolving the alleged default.

16  107.  Defendants did not offer any evidence that they had authority or right

17  upon which to collect the alleged debt they were enforcing.

18  108.  The servicer, Aurora Services, failed to comply with *California Civil Code*

19  *§2923.6* in that it did not initially offer Plaintiffs a loan modification or workout plan

20  where the anticipated recovery exceeded the anticipated recovery through foreclosure

21  on a net present value basis. *California Civil Code §2923.6* provides that:

22      (a) The Legislature finds and declares that any duty servicers may have
    to maximize net present value under their pooling and servicing

23      agreements is owed to all parties in a loan pool, not to any particular
    parties, and that a servicer acts in the best interests of all parties if it

24      agrees to or implements a loan modification or workout plan for which
    both of the following apply:

25          (1) The loan is in payment default, or payment default is
        reasonably foreseeable.

26          (2) Anticipated recovery under the loan modification or workout
        plan exceeds the anticipated recovery through foreclosure on a net

27          present value basis.
    (b) It is the intent of the Legislature that the mortgagee, beneficiary, or

28      authorized agent offer the borrower a loan modification or workout plan

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

1   if such a modification or plan is consistent with its contractual or other
    authority.
2   (c) This section shall remain in effect only until January 1, 2018, and as
    of that date is repealed, unless a later enacted statute, that is enacted
3   before January 1, 2018, deletes or extends that date.
    *California Civil Code §2923.6*
4

5   109.   Aurora Services went out of its way to frustrate the loss mitigation

6   process as detailed in paragraph 31 of this Complaint.

7   110.   Following the lifting of the automatic stay (see paragraph 38), Nationstar

8   made a mitigation offer to the Plaintiffs that, technically, complied with the

9   provisions of *California Civil Code §2923.6*, however, the terms were so

10  outrageous as to approach the ridiculous. The offer initially includes a reduced

11  interest rate of 2% for one year, but reverts back to the unconscionable initial

12  rate of 7.05% – in an economy where virtually anyone can get a mortgage

13  interest rate below 4%. Furthermore, the "offer" tacks onto the principal

14  approximately $100,000 while not crediting the Plaintiffs for the payments they

15  made that were not credited earlier by Aurora Services.

16  111.   Hence, due to substantive defects and procedural violations, defendants

17  lacked standing and legal or equitable authority to foreclose on the Property.

18
19          **7.   COUNT VII (ORIGINALLY COUNT IX)**
        **VIOLATION OF CALIFORNIA BUSINESS AND**
            **PROFESSIONS CODE, §17200 et seq.**
20               **(AS TO ALL DEFENDANTS)**

21  112.   Plaintiffs repeat and reallege, and incorporate by reference herein, each

22  and every allegation contained in paragraphs 1 through 111 of this Complaint.

23  113.   The *Unfair Competition Law and Unfair Business Practices Act*, codified in

24  *Business & Professions Code, §17200 et seq.,* provides that unfair competition

25  shall mean and include any unlawful, unfair or fraudulent business act or

26  practice and unfair, deceptive, untrue and misleading advertising.

27  114.   Plaintiffs are informed and believe, and thereon allege that the defendants,

28  and each of them, have engaged in unlawful business practices in the State of

LAW OFFICES OF LINDA ROSE PESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

California within the meaning of *§ 17200* by offering and making loans to plaintiffs and other borrowers of ethnicity and/or national origin on terms less favorable than those offered to similarly situated Caucasian borrowers.

115.   Defendants Lehman, Aurora, Lexington, and MLN offered the plaintiff's an interest rate of 8.05% (including the discount point) (see ¶¶21, 23 and 40), even though the national average interest rate for ARM mortgages when they took out their mortgage was 5.84% (see ¶40).

116.   On information and belief, plaintiffs allege that defendants Lehman, Aurora, Lexington, and MLN, and each of them, have engaged in unlawful business practices in the State of California within the meaning of *§ 17200* by discriminating against the plaintiffs on the basis of their race and ethnicity by offering them an interest rate that was 2.21% more than what they were offering similarly situated Caucasian borrowers, subject to proof to be obtained during discovery.

117.   Lehman, Aurora, Lexington, and MLN failed to disclose the true cost of the Note in a clear, conspicuous and accurate manner. See ¶23 and Exhibits "D" and "E" for the details of the confusing TILA disclosures.

118.   The plaintiffs were entirely unsophisticated in financial matters, and as such they put their complete trust in the defendants, believing that the defendants were looking out for the plaintiffs' best interests.

119.   On information and belief, the plaintiffs allege that when Lehman, Aurora, Lexington, and MLN realized that the plaintiffs' lack of sophistication in financial matters caused them not to understand the discrepancies between the TILDS disclosures, the defendants then conspired to take advantage of their lack of sophistication, and to increase the transaction closing costs above what was the industry standard, causing the plaintiffs to pay at least $23,500 in extra closing costs.

120.   On information and belief, plaintiffs allege that defendant Aurora

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

1   Services has engaged in unlawful business practices in the State of California

2   within the meaning of *§17200* by discriminating against the plaintiffs on the

3   basis of their race and ethnicity during the plaintiffs' loan modification request

4   by placing them on hold and leaving them on hold indefinitely, by telling them

5   their application papers had been misplaced, and by repeatedly requiring them

6   to submit additional information, information they already had submitted,

7   whereas Caucasian applicants were treated with respect, and their applications

8   were handled expeditiously, subject to proof to be obtained during discovery

9   (see ¶31).

10   121.   On information and belief, plaintiffs allege that defendant Nationstar has

11   engaged in unlawful business practices in the State of California within the

12   meaning of *§17200* by discriminating against the plaintiffs on the basis of their

13   race and ethnicity, by offering the plaintiffs a loan modification with entirely

14   unacceptable terms (see footnote 1, ¶72), whereas Caucasian applicants were

15   presented with loan modification packages that were reasonable with

16   acceptable terms, subject to proof to be obtained during discovery.

17   122.   Plaintiffs have been damaged financially by the total of the differential

18   they have paid resulting from their higher interest rate, by at least $23,000 in

19   extra fees they have paid, by the damage they will suffer from the loss of their

20   home, and by the damage to their reputations, all as a result of defendants'

21   individual and collective discriminatory conduct.

22        **8.    COUNT VIII (ORIGINALLY COUNT X)**
     **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
23       **(AS TO LEHMAN, AURORA, LEXINGTON, MLN, AND DOES)**

24   123.   Plaintiffs repeat and reallege, and incorporate by reference herein, each

25   and every allegation contained in paragraphs 1 through 122 of this Complaint.

26   124.   California law implies a covenant of good faith and fair dealing in all

27   contracts between parties entered into in the State of California.

28   125.   Defendants Lehman, Aurora, Lexington, and MLN, and each of them,

breached the implied covenant of good faith and fair dealing by, among other things: making unclear, inconspicuous, misleading, and deceptive statements and disclosures to Plaintiffs; padding the closing costs of the Note loan by increasing the costs of services above their market value as a way of charging Plaintiffs a higher interest rate; and charging excessive, duplicative, and hidden closing costs and fees, as alleged more fully herein.

126.   Defendants Lehman, Aurora, Lexington, and MLN offered the plaintiffs an interest rate of 8.05% (including the discount point) (see ¶¶21, 23 and 40), even though the national average interest rate for ARM mortgages when they took out their mortgage was 5.84% (see ¶40).

127.   On information and belief, plaintiffs allege that defendants Lehman, Aurora, Lexington, and MLN, and each of them, breached the implied covenant of good faith and fair dealing by discriminating against the plaintiffs on the basis of their race and ethnicity by offering them an interest rate that was 2.21% more than what they were offering similarly situated Caucasian borrowers, subject to proof to be obtained during discovery.

128.   Lehman, Aurora, Lexington, and MLN failed to disclose the true cost of the Note in a clear, conspicuous and accurate manner. See ¶23 and Exhibits "D" and "E" for the details of the confusing TILA disclosures.

129.   The plaintiffs were entirely unsophisticated in financial matters, and as such they put their complete trust in the defendants, believing that the defendants were looking out for the plaintiffs' best interests.

130.   On information and belief, the plaintiffs allege that when Lehman, Aurora, Lexington, and MLN realized that the plaintiffs' lack of sophistication in financial matters caused them not to understand the discrepancies between the TILDS disclosures, the defendants breached the implied covenant of good faith and fair dealing by conspiring to take advantage of the plaintiffs' lack of sophistication, and to increase the transaction closing costs above what was

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

1  the industry standard, causing the plaintiffs to pay at least $23,500 in extra

2  closing costs.

3  131.   Plaintiffs have been damaged financially by the total of the differential

4  they have paid resulting from their higher interest rate, by at least $23,000 in

5  extra fees they have paid, by the damage they will suffer from the loss of their

6  home, and by the damage to their reputations, all as a result of defendants'

7  individual and collective discriminatory conduct.

8

9  **9.     COUNT IX (ORIGINALLY COUNT XI)**
   **QUIET TITLE**
   **[CODE CIV. PROC. §§760.010-764.080]**
10  **(AS TO NATIONSTAR AND DOES)**

11  132.   Plaintiffs repeat and reallege, and incorporate by reference herein, each

12  and every allegation contained in paragraphs 1 through 131 of this Complaint.

13  133.   Plaintiff is informed and believes, and therefore alleges that defendants,

14  and each of them, claim some right, title, estate, lien, or interest in and to the

15  Property.

16  134.   In particular, plaintiffs are informed and believe, and thereon allege that

17  defendant Nationstar claims to be the assignee of all beneficial interests under

18  a Deed of Trust that gives it the right to foreclose on the Property and to collect

19  mortgage payments.

20  135.   Plaintiffs are informed and believe, and thereon allege that Defendant

21  Nationstar claims to hold a Note to the Property.

22  136.   Plaintiffs allege that due to substantive defects and procedural violations,

23  Nationstar lacked standing and legal or equitable authority to foreclose on the

24  Property (see ¶96 through ¶111).

25  137.   Plaintiffs seek to quiet title against all claims legal and equitable of

26  Nationstar.

27  ///

28  ///

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for damages and other relief as follows:

### ON PLAINTIFFS' FIRST CAUSE OF ACTION
### VIOLATION OF TRUTH IN LENDING ACT

1. Compensatory damages subject to proof at trial;

2. Statutory damages of $2,000.00 per violation;

3. All finance charges and fees paid to Defendant;

4. Attorney's fees and costs;

### ON PLAINTIFFS' SECOND CAUSE OF ACTION
### VIOLATION OF RESPA

1. Compensatory damages subject to proof at trial;

2. Treble damages;

3. Statutory fine of $10,000.00;

4. Attorney's fees and costs according to statute;

### ON PLAINTIFFS' THIRD CAUSE OF ACTION
### VIOLATION OF FAIR HOUSING ACT

1. Compensatory damages subject to proof at trial;

2. Punitive damages;

3. Attorney's fees and costs according to statute;

### ON PLAINTIFFS' FOURTH CAUSE OF ACTION
### VIOLATION EQUAL CREDIT OPPORTUNITY ACT

1. Striking all illegal or unconscionable provisions of the Note;

2. Compensatory damages subject to proof at trial;

3. Punitive damages;

4. Attorney's fees and costs according to statute;

///

///

///

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

**ON PLAINTIFFS' FIFTH CAUSE OF ACTION
VIOLATION OF UNRUH ACT**

1.    Treble damages subject to proof at trial;

2.    Attorney's fees and costs according to statute;

**ON PLAINTIFFS' SIXTH CAUSE OF ACTION
WRONGFUL FORECLOSURE**

1.    Restitution by the of return of all mortgage payments Plaintiffs made to

Defendants beginning with the first payment made to them in 2007;

2.    Attorney's fees and costs;

**ON PLAINTIFFS' SEVENTH CAUSE OF ACTION
BUSINESS & PROFESSIONS CODE §17200 et seq**

1.    Restitution of all interests in money acquired by Defendants by means

of their unfair competition;

2.    Injunctive relief prohibiting Defendants from continuing to perform acts

of unfair competition in the State of California;

3.    Attorney's fees and costs;

**ON PLAINTIFFS' EIGHTH CAUSE OF ACTION
BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING**

1.    Compensatory damages subject to proof at trial;

2.    Punitive damages;

3.    Attorney's fees and costs;

**ON PLAINTIFFS' NINTH CAUSE OF ACTION
QUIET TITLE**

1.    For an order quieting title against all adverse claims in Plaintiffs' favor;

2.    Attorney's fees and costs;

**ON ALL CAUSES OF ACTION**

1.    That pre-judgment interest be awarded Plaintiffs as permitted by law;

2.    For a jury trial;

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

1    3.    Such other relief as the Court deems just and proper.

2

3    DATED: October 10, 2013              **LAW OFFICES OF LINDA ROSE FESSLER**

4                                        _Linda Rose Fessler_

5                                        Linda Rose Fessler
                                         Attorney for RICHARD B. RUSSELL and
6                                        JACETA S. RUSSELL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

**VERIFICATION**

1

2    I, RICHARD B. RUSSELL, am the undersigned in this matter. I have read

3 the foregoing Verified Complaint. All the statements therein are true of my own

4 knowledge, except as to those matters stated on information and belief, and as

5 to those matters, I believe them to be true.

6    I declare under penalty of perjury under the laws of the State of

7 California that the foregoing is true and correct.

8

9    Executed on this 10th day of October, 2013, at Santa Ana, California.

10

11

                                    RICHARD B. RUSSELL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF LINDA SUSK FESSLER
23501 Moulton Pky #B222
Mission Viejo CA 92691

## VERIFICATION

I, JACETA S. RUSSELL, am the undersigned in this matter. I have read the foregoing Verified Complaint. All the statements therein are true of my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 10th day of October, 2013, at Santa Ana, California.

_____
JACETA S. RUSSELL

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B212
Mission Viejo CA 92692

**PROOF OF SERVICE**

I am employed in the county of Orange, State of California.  I am over the age of 18, not a party to the within action, and my business is 25108 Marguerite Pkwy, Mission Viejo CA 92692. On 10/11/2013, I served the foregoing documents, described as follows:

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

on all interested parties as indicated in the following:

[see attached Service List
Service as indicated on list]

| | | |
|---|---|---|
| ☑ | <u>PERSONAL DELIVERY</u> | I personally arrange for the delivery ☑ a true copy ☐ the original of the foregoing document(s) to the above address. |
| ☐ | <u>MAIL</u> | I placed ☐ a true copy ☐ the original of the foregoing document(s) enclosed in a sealed envelope addressed as indicated, and deposited such envelope in the mail at Trabuco Canyon, California. The envelope was mailed with postage thereon fully prepaid. |
| ☐ | <u>OVERNIGHT DELIVERY</u> | I placed ☐ a true copy ☐ the original of the foregoing document(s) enclosed in a sealed envelope addressed as indicated, and caused such envelope to be delivered to an employee of, or deposited in an established receptacle of Federal Express, at Lewiston, Idaho. The envelope was delivered to the overnight carrier with appropriate fees thereon fully prepared. |
| ☐ | <u>FACSIMILE</u> | I transmitted the foregoing document(s) by facsimile, and upon completion received an acknowledgment from the facsimile machine that the transmission had been successfully completed. |
| ☑ | <u>EMAIL</u> | I transmitted the foregoing document(s) by email, and upon completion received an acknowledgment from the system that the transmission had been successfully completed. |
| ☐ | <u>CM/ECF SYSTEM</u> | Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF systems, which sent notification of that filing to the personal listed above. |
| ☐ | <u>STATE</u> | I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| ☑ | <u>FEDERAL</u> | I hereby certify that I am employed by the office of a member of the Bar of this Court at whose direction the service was made; or that I am a member of the Bar of the United States District Court, Central District of California. |

Executed on this 11th day of October, 2013, at Trabuco Canyon, California.

*Linda Rose Fessler*
_____
Linda Rose Fessler

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #8222
Mission Viejo CA 92692

# SERVICE LIST

<u>Service by email:</u>

Carolyn A Pearson      *carolyn.pearson@akerman.com,*
      *laura.aispuro@akerman.com*

<u>Service by courier:</u>

Hon. James V. Selna
Ronald Regan Federal Building
411 West Fourth Street, Room 10-030
Santa Ana CA 92701-4516

LAW OFFICES OF LINDA ROSE FESSLER
25108 Marguerite Pky #B222
Mission Viejo CA 92692

# EXHIBIT "A"

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

**63.00**

**2007000066037 04:30pm 01/31/07**

102 4 D11 20

0.00 0.00 0.00 0.00 57.00 0.00 3.00 0.00

Requested by and
Return to:
Fidelity National Title Group
4240 International Parkway Ste. 180
Carrollton, TX 75007
(972) 307-2500

File #CO-1347CA

*(THIS SPACE FOR RECORDER'S USE ONLY)*

# DEED OF TRUST

(Please fill in document title(s) on this line)

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

Exhibit "A"
Page 1

3030081176

Requested by and
Return to:
Fidelity National Title Group
4240 International Parkway Ste. 160
Carrollton, TX 75007
(972) 307-2500

Prepared By:
**MORTGAGE LENDERS NETWORK USA, INC.**
**213 Court St. Middletown CT 06457**

file# CO-B4TLA
APN: 001-136-01

——————— [Space Above This Line For Recording Data] ———————

# DEED OF TRUST

MIN **1002610-3030081176-6**

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated **December 22, 2006**
together with all Riders to this document.
**(B) "Borrower"** is
**RICK   RUSSELL**
**JACETA S RUSSELL**

Borrower's address is **2526 NORTH BAKER STREET   , SANTA ANA, CA 92706**
. Borrower is the trustor under this Security Instrument.
**(C) "Lender"** is **MORTGAGE LENDERS NETWORK USA, INC.**

Lender is a **corporation or association**
organized and existing under the laws of **Delaware**

**CALIFORNIA**-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS   Form 3005 1/01

(VMP) -6A(CA) (0207)
Page 1 of 15          Initials:
VMP MORTGAGE FORMS - (800)521-7291

**Exhibit "A"**
**Page 2**